IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN KNOPE,

                      Plaintiff,                        OPINION and ORDER

    v.
                                                  Case No. 16-cv-381-wmc

STATE OF WISCONSIN, CRISIS
EMERGENCY SERVICES UNIT, UNITY
POINT HEALTH—MERITER HOSPITAL,
SUN PRAIRIE POLICE DEPARTMENT,
WINNEBAGO MENTAL HEALTH
INSTITUTE AND ST. MARY'S HOSPITAL,

                      Defendants.

---

*Pro se* plaintiff Kevin Knope has filed a lawsuit against several entities involved in his involuntary commitment at Winnebago Mental Health Institute. He is proceeding without prepayment of the filing fee, so his complaint is before the court for screening under 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Here, Knope has what may be viable claims regarding his involuntary commitment, but he cannot proceed with his claims at this time because he names entities as defendants, rather than the individuals personally responsible.[1] Therefore, the court will give Knope an opportunity to file an amended complaint that names proper defendants. The court will deny Knope's request for a hearing (dkt. #9) as unnecessary at this time because there are no outstanding issues to be resolved pending his filing an amended complaint.

---

[1] Knope filed a motion to amend and clarify the names of several of the defendant entities. (Dkt. #8.) However, his proposed amendment continues the same defect, rather than resolve the problems described in this order below. Therefore, that motion will be denied as moot.

After the court receives and reviews Knope's amended complaint, the court will consider whether a hearing might be beneficial.

OPINION

In his complaint, Knope alleges that on April 20, 2016, he was taken into custody by the Sun Prairie Police Department based on false claims and without probable cause. Ultimately, he was taken to the Winnebago Mental Health Institute, where he was involuntarily committed. While there, Knope alleges that several employees tackled and forcibly injected him with a substance, causing him to suffer severe head pain. These allegations suggest at least two possible claims: (1) there was no probable cause to support his civil commitment; and (2) he was subjected to unwanted medication and excessive force at the Winnebago Mental Health Institute. Accordingly, the court will address each claim, explaining what else is needed for Knope to get past initial screening.

I.  **Civil Commitment without Probable Cause.**

Like an arrest, a civil commitment is a seizure implicating the Fourth Amendment, and it may only be entered upon probable cause. *Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992); *Perry v. Sheahan*, 222 F.3d 309, 316 (7th Cir. 2000). For an involuntary commitment, probable cause exists "only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). In Wisconsin, that standard is met if the person seized is: (1) "mentally ill, drug dependent or developmentally disabled"; and (2) "dangerous" in a way enumerated under the statute, which generally requires that the

person "evinces a substantial probability of physical harm" to himself or others." Wis. Stat. § 51.20.

For the purposes of screening only, the court will infer from Knope's allegations that there was no reason to commit him civilly. Therefore, construing plaintiff's allegations generously at this point in the proceedings, his complaint is arguably sufficient to state a Fourth Amendment claim. The problem with Knope's Fourth Amendment claim, however, is that he fails to identify any defendant that may sued under 42 U.S.C. § 1983, which is the vehicle for enforcing the Fourth Amendment in a civil action. The State of Wisconsin cannot be sued because it is not considered a "person" for purposes of § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 65-71 (1989) (states and state agencies are not "persons" who may be sued for constitutional violations under § 1983). Likewise, the Winnebago Mental Health Institute is a building, and it cannot be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, the State and Winnebago Mental Health Institute will be dismissed from this case.

As for The Crisis Emergency Services Unit Center, Unity Point Health, Meriter Hospital and St. Mary's Hospital, these are all private, non-governmental entities. Generally, to be liable under § 1983, a defendant must have both acted under color of state law and violated a constitutional right of the plaintiff. *See Burrell v. City of Mattoon*, 378 F.3d 362, 647 (7th Cir. 2004). Although Knope may have been treated at these various facilities, Knope has not alleged that these entities were at any time acting under the color of state law. In fact, Knope has not included *any* allegations in his complaint at

all concerning the actions of these private entities. Therefore, they will be dismissed as well.

Of the many entities Knope names as defendants in the caption of his complaint, only the Sun Prairie Police Department appears to have been involved in the actual seizure of Knope from his home. But the Sun Prairie Police Department is also not a legal entity that can be sued under § 1983. *See, e.g., Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) (Chicago Police Department not suable entity); *Calmese v. Fleishauer*, 2006 WL 3361204, *3 (W.D. Wis. Nov. 17, 2006) (Madison Police Department not suable entity). And, although a municipality may be a suable entity, such as the City of Sun Prairie, a city can be liable under § 1983 only if the alleged constitutional violation was caused by an unconstitutional policy or custom of the city. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Knope has not identified any policy or custom of the city that caused the alleged constitutional violations. Finally, while the *individual* police officers involved in his seizure *could* (potentially) be sued under § 1983, Knope has not identified any of the officers involved, nor has he named any "John or Jane Doe" officers as defendants in the caption of his complaint.

This court does not have the authority to amend Knope's complaint for him. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). However, it will give Knope an opportunity to amend his complaint so that he may name as defendants those who may *both* be sued under § 1983 and who were personally involved in the alleged constitutional violation.

## II. Forced Medication and Excessive Force.

Knope also claims that he was subjected to a forced injection and unnecessary physical force after he was brought to the Winnebago Mental Health Institute. These claims fall under the Fourteenth Amendment's due process protections. Knope's claim that he received an unwanted injection of medication is governed by the standard in *Washington v. Harper*, 494 U.S. 210 (1990). In that case, the Supreme Court stated that a person, even when detained against his will, retains "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Id.* at 221. This right must be balanced against the state's interest in maintaining safe facilities and its obligation to "take reasonable measures for the [detainees'] own safety." *Id.* at 225. Thus, "due process allows a mentally ill inmate to be treated involuntarily with antipsychotic drugs where there is a determination that the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Riggins v. Nevada*, 504 U.S. 127, 134–35 (1992) (internal quotations omitted).

Knope's claim of excessive force is governed by the objective reasonableness standard set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). That standard asks whether the force was excessive in light of the "facts and circumstances of the particular case." *Id.* at 2470-73. Factors that may be relevant to this determination include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.*

Here, Knope's allegations that he was forcibly injected with medication by a group of employees at Winnebago Mental Health Institution and then tackled are sufficient to

state a claim for violation of his due process rights. As with his Fourth Amendment claim, however, Knope has failed to identify any suable defendant. In fact, he does not name a single one of the employees allegedly involved in forced medicating or tackling him. Therefore, the court will give Knope an opportunity to amend his complaint so that he may name defendants who were personally involved in these alleged Fourteenth Amendment violations. For Knope's ease, he may wish to use the enclosed form in preparing his amended complaint.

ORDER

IT IS ORDERED that:

(1) Plaintiff Kevin Knope's complaint is DISMISSED WITHOUT PREJUDICE for failure to name a suable defendant. Plaintiff may have until **July 21, 2017,** to file an amended complaint that names defendants who may be sued under 42 U.S.C. § 1983 for the Fourth and Fourteenth Amendment claims identified above. The amended complaint must also include allegations showing that each defendant named in the amended complaint was personally involved in the alleged constitutional violation. If plaintiff fails to respond by that date, his complaint will be dismissed with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

(2) Plaintiff's motion to amend his complaint (dkt. #8) is DENIED.

(3) Plaintiff's motion for execution of right (dkt. #9) is DENIED WITHOUT PREJUDICE as unnecessary.

Entered this 30th day of June, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge