IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN MICHAEL KNOPE,

      Plaintiff,          ORDER

 v.

                       16-cv-381-wmc

MATT McELROY,
JENNA SULESKI,

      Defendants.

---

*Pro se* plaintiff Kevin Knope is proceeding on claims a related to his involuntary civil commitment that took place on April 20, 2016. On April 26, 2018, the court dismissed plaintiff's claims against defendant Jenna Suleski because the documents and audio recordings submitted along with his complaint contradict his assertion that Suleski signed a form authorizing his involuntary commitment. (Dkt. #62.)[1] Since then, Knope has filed a motion seeking to conduct discovery in an effort to reinstate his claim against Suleski (dkt. #63), and the remaining defendant, Matt McElroy, has filed a motion for summary judgment (dkt. #66) to which plaintiff has failed to respond timely. For the reasons that follow, Knope's motion will be denied, and Knope will be given two more weeks until **September 13, 2018,** to respond to McElroy's motion for summary judgment. Absent a response by that deadline, this lawsuit will be dismissed with prejudice and costs.

---

[1] For a more complete summary of plaintiff's allegations in this case, the court refers the reader to this decision.

I.  **Motion compelling discovery (dkt. #63)**

Knope seeks to conduct discovery to show that Suleski was responsible for his involuntary commitment, thereby justifying her reinstatement as a defendant. The motion comes on the heels of this court's dismissal of Suleski without prejudice to Knope's ability to seek leave of court "to amend his complaint to provide specific allegations of exactly how Suleski was responsible for his involuntary civil confinement." (Dkt. #62, at 5.) In support, Knope refers to his contemporaneously-filed affidavit and previously-filed audio transcript of his interaction with Suleski from April 20, 2013. While these materials reflect Knope's attempts to articulate more specific facts related to Suleski's involvement, all of his renewed allegations continue to be contradicted by the documents attached to his pleadings. Accordingly, the court sees no basis to permit him to conduct discovery or reinstate Suleski.

In his supporting affidavit, Knope includes more specific allegations related to Suleski's involvement in his civil confinement:

> Ms. Suleski introduced herself while I was in the exam room and after she left Mr. McElroy eventually returned and gave me copies of a half sheet sized authorization form, statement of emergency detention by law enforcement officer, and a rights of detention sheet. The authorization form was an approximate 6x8 inches and was a blue carbon copy. I specifically remember badge #7646 written at the bottom and Ms. Suleski's name and signature at the beginning and a diagnosis of bi-polar disorder as the justification for emergency detention.

(Knope decl. (dkt. #64) at 6-7.)

These allegations suggest that Suleski may have confirmed that Knope suffers from bi-polar disorder, and that Sun Prairie Police Officer McElroy used that information to justify an emergency detention. However, Knope still has not alleged that Suleski actually

authorized his detention. Regardless, the records accompanying Knope's complaint establish that *another* individual from Journey Mental Health (Suleski's employer at the time) helped facilitate his civil confinement. Specifically, the detention order shows that *Dave Roethe* from Journey Mental Health authorized McElroy's detention of Knope. (*See* dkt. #1-1, at 3.) Even assuming that Suleski's name was on a form related to his bi-polar diagnosis, therefore, the fact remains that Roethe's and McElroy's signatures -- not Suleski's -- were on the detention order, and Knope has not pled that Suleski was otherwise involved.

Knope's insistence that the his audio tapes confirm Suleski's involvement is similarly unavailing. As the court previously explained, while those recordings reveal that Suleski spoke with Knope at one point during his interview with police officers, their interaction was *very* brief. Indeed, after confirming her name, Knope refused to speak with her at all shortly after she entered the room. Again, this interaction is not sufficient to permit an inference that Suleski authorized Knope's involuntary confinement that day. Accordingly, Knope's motion for discovery will be denied, and the court will not reconsider the dismissal of Suleski from this lawsuit.

## II. McElroy's motion for summary judgment (dkt. #66)

On May 25, 2018, McElroy, the remaining defendant, filed a motion for summary judgment, and the court set June 25, 2018, as plaintiff's deadline to oppose defendant's motion. Plaintiff has failed to oppose the motion, nor has he sought an extension or otherwise provided the court with an indication that he plans to oppose the motion.

Plaintiff's failure to respond to defendants' motion suggests that he may have lost interest in pursuing this case and no longer intends to prosecute it, although in submitting his motion to compel discovery, he previously indicated a preference to appear in person to discuss matters. (Dkt. #63.)

Accordingly, plaintiff will receive *one* more opportunity to submit a substantive response to defendants' motion. At minimum, he will need to provide an affidavit indicating any material disputes with defendant's proposed findings of fact. If he fails to do so by the new deadline, the court will dismiss this case with prejudice under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel (dkt. #63) is DENIED.
2. Plaintiff Kevin Knope may have until **September 13, 2018,** to file a response to defendant's motion for summary judgment. **If plaintiff does not respond by that date, the court will dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute it.**

Entered this 30th day of August, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge