IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN MICHAEL KNOPE,

        Plaintiff,

v.

MATT McELROY,

        Defendant.

ORDER

16-cv-381-wmc

---

*Pro se* plaintiff Kevin Knope has eight motions currently pending before the court, seeking to reopen this case and requesting various related types of relief. (Dkt. ##82, 83, 85, 87-91.) Since Knope's filings do not justify reopening this matter, the court is denying all of his motions and this case will remain closed.

Mr. Knope filed this lawsuit in June of 2016, seeking to proceed on claims related to his April 20, 2016, involuntary civil commitment. Specifically, he alleged that he was committed after Sun Prairie police officer Matt McElroy filled out a "Statement of Emergency Detention by a Law Enforcement Officer" form after police were called to Knope's house. The court acknowledged the possibility that Knope might be able to proceed on Fourth and Fourteenth Amendment claims related to his civil confinement, but required Knope to file an amended complaint to identify a suable defendant. Once Knope did so, the court granted Knope leave to proceed against two defendants, Jenna Suleski and Matt McElroy.

On April 26, 2018, the court granted Suleski's motion to dismiss. (Dkt. #62.) On May 25, 2018, defendant Matt McElroy filed a motion for summary judgment, and the

court set June 25, 2018, as Knope's deadline to oppose that motion. Knope failed to oppose McElroy's motion, so on August 30, 2018, the court gave him until September 13, 2018, to file a response to McElroy's motion for summary judgment and warned Knope that his case would be dismissed for failure to prosecute if he did not respond. (Dkt. #76.) On October 11, 2018, after Knope still failed to respond, the court dismissed Knope's case for failure to prosecute (dkt. #78), and on October 17, 2018, McElroy filed a bill of costs (dkt. #80). Then, between November 13, 2018, and December 26, 2018, Knope filed eight motions currently before the court, seeking: a hearing; to amend his complaint; to stay defendant McElroy's bill of costs; to serve subpoenas and submit evidence in support of his hearing request; and to submit certain pretrial filings.

Essentially, Knope's goal is to reopen this case and proceed on an amended complaint against a newly identified defendant. Specifically, he would like to proceed on a constitutional claim against David Roethe, an employee of Journey Mental Health Center. (Dkt. #83, at 1.) Knope alleges that Roethe was the official who actually approved McElroy's application for an emergency detention, and thus the proper defendant in this action. However, to reopen this matter and reset a schedule requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4). None of Knope's submissions explain why Knope failed to respond to the court's orders, much less *any* reason why he failed to name Roethe as a defendant before this case was closed. The closest Knope comes is representing that he prefers to speak verbally rather than in writing. (Dkt. #82 at 3). While that may be true, that assertion does not provide good cause for reopening this case to consider whether to allow him to proceed on a claim against Roethe, or to grant him any of the other relief

he is seeking.

While the court will not reopen this matter and is denying Knope's request to amend his complaint to add Roethe as a defendant in this lawsuit, the denial does not preclude Knope from filing a *new* lawsuit against Roethe, in state or federal court. That said, the court notes that it does not appear Knope has a claim against Roethe within this federal court's jurisdiction, for the following reasons explained briefly.[1]

Like an arrest, a civil commitment is a seizure implicating the Fourth Amendment, and it may only be entered upon probable cause. *Villanova v. Abrams*, 972 F.2d 792, 795 (7th Cir. 1992); *Perry v. Sheahan*, 222 F.3d 309, 316 (7th Cir. 2000). For an involuntary commitment, probable cause exists "only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013) (quoting *Villanova*, 972 F.2d at 795). In Wisconsin, that standard is met if the person seized is: (1) "mentally ill, drug dependent or developmentally disabled"; and (2) "dangerous" in a way enumerated under the statute, which generally requires that the person "evidences a substantial probability of physical harm to himself" or others. Wis. Stat. § 51.20.

Knope's own submissions appear to acknowledge that Roethe was provided information that would allow him to conclude reasonably that on April 20, 2016, Knope was mentally ill and posed a danger to himself or others. Among Knope's filings is his proposed findings of fact, in which he includes certain facts Officer Matt McElroy reported

---

[1] This explanation also suggests that reopening this case and allowing Knope to add Roethe would be futile.

3

to Roethe, which caused Roethe to agree to Knope's civil confinement pursuant to Wis. Stat. § 51.20, including:

1. On 4/20/16 at 5:37 pm Kevin contacted the police dept regarding information he had received regarding treason of the U.S. Government.

2. When in contact with Kevin, he was displaying erratic, paranoid behavior.

3. Kevin disclosed that he suffers from bi-polar disorder and psychosocial disorder.

4. Kevin has a history of suicide attempts and has attempted to hang himself on three separate occasions.

5. Kevin is not prescribed medications and does not visit therapists, counselors, or mental health specialists.

6. Kevin has a history of drug usage.

7. Kevin uses hallucinogenic mushrooms and marijuana.

8. Approximately two weeks ago Kevin abruptly quit his job.

9. Kevin was advised that his wife wanted to divorce him on 4/20/16 and carries a large knife for protection.

10. Kevin refuse to submit to questions regarding his mental health conditions and will only speak with certain people.

11. Kevin is paranoid that all people are attempting to "compromise" him.

12. Kevin refused to voluntarily speak with mental health workers at Meriter Hospital and Journey Mental Health authorized an Emergency Detention.

13. When initially asked to turn over the knife, Knope refused to do so.

14. It took a substantial period of time before Knope turned over the knife.

(Dkt. #90-3, at 2.) As such, it would appear that Knope would not be able to state a Fourth Amendment claim against Roethe, since McElroy reported numerous facts suggesting both that Knope was mentally ill and posed a threat of physical harm to himself and/or others. Knope should take this information into consideration when determining whether to pursue a separate lawsuit claiming a constitutional violation against Roethe.

ORDER

IT IS ORDERED that plaintiff Kevin Knope's motions (dkt. ##82, 83, 85, 87, 88, 89, 90, 91) are DENIED. This case shall remain closed.

Entered this 13th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge